GERMANTOWN COMMUNITY COUNCIL, INC., et al.

v.

The DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.

Civ. A. No. 69–2426.

United States District Court,
E. D. Pennsylvania.

April 7, 1971.

Robert J. Sugarman, Philadelphia, Pa., for plaintiffs.

Norman C. Henss, Philadelphia, Pa., for intervening defendant.

Merna Marshall, Asst. U. S. Atty., Philadelphia, Pa., U. S. Atty. for HUD.

Paul Shalita, Philadelphia, Pa., for Redevelopment Authority.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

HANNUM, District Judge.

This matter is before the court on a motion by the intervening defendants to vacate or amend this court's Order of January 15, 1970, as to them. The effect of the Order from which the intervening defendants seek relief is to maintain the status quo in the Central Germantown Urban Renewal Area pending a trial on the merits. The Order prohibits the voluntary or involuntary acquisition of property within the renewal area for purposes of the proposed Rittenhouse-Belfield Bypass. The intervening defendants contend in their motion that the effect of this prohibition has visited an extreme hardship upon them. A hearing was held, and as a result of which, the court makes the following:

## FINDINGS OF FACT

1. The intervening defendants seeking relief from the January 15 Order are: Harry and Elizabeth Campbell; Willis Pryor and his wife; Arthur L. Sholl and his wife; Walter J. and Winifred Boileau; Francis Murray and his wife; Vider Roberson; Rose Peters; Robert Williams and his wife; Ollie Blair; Clay S. and Florence Brooks; Odessa Taylor; John H. Robinson and his wife, and Donald J. Stafford.

2. The intervening defendants all reside in and own property in the area of the proposed Rittenhouse-Belfield Bypass.

3. The intervening defendants desire to sell the property that they own in the area in question and relocate in a different area of the city.

4. The intervening defendants have been, and are, unable to sell their homes for a fair price to anyone except the Redevelopment Authority.

5. The Order of January 15, 1970, would force the intervening defendants to sell their homes to speculators for a fraction of their value.

6. The intervening defendants do not desire to continue to live in the properties in the area in question because the neighborhood has become unsafe in that:

(a) Many properties in the area have become vacant and abandoned or sold to the Redevelopment Authority and boarded up.

(b) The vacant properties have become hideouts for gangs of teenagers and other persons with felonious or mischievous intentions.

(c) Residents of the neighborhood are afraid to walk on the streets after dark because of the youths lurking in or near the vacant properties.

(d) The obviously vacant properties invite and have become the objects of vandalism.

(e) These intervening defendants fear, with cause, that damage to the vacant properties, including damage by fire, might endanger their own properties.

# 732

(f) The vacant houses have become filled with trash and dirt and infested with vermin and rodents causing a totally unhealthful condition, likely to spread disease.

7. As a result of the conditions in the neighborhood some of these intervening defendants have lost or have been threatened with cancellation of their fire and extended coverage insurance.

8. It is necessary that the intervening defendants complete settlement forthwith under the existing agreements of sale or be able to negotiate for the sale of their properties to the Redevelopment Authority because most of the properties require extensive expenditures for repairs to roofs, electrical systems, heating systems, sewer lines, walls, floors, plumbing, porches, etc. to make the properties fit for habitation during the winter months, and to remove possible fire and health hazards.

9. The intervening defendants would have little hope of recouping these expenditures even if they have the financial ability to make them.

10. Some of the intervening defendants need the proceeds from the settlement of their properties in the renewal area to complete settlement on the purchase of relocated homes made prior to the halting of acquisitions in the renewal area.

11. The Redevelopment Authority has indicated it would be willing to complete the settlements with these intervening defendants who have agreements of sale with them and to enter into negotiations with those who do not have agreements of sale, were it not for the January 15th Order.

12. The effect of the January 15th Order has caused a severe hardship upon the intervening defendants who have been directly and adversely affected by it.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter.

2. The Order of January 15, 1970, has directly and adversely affected the intervening defendants.

3. The Order of January 15, 1970, has caused a severe hardship to the intervening defendants.

4. The hardship to and affect upon the plaintiffs in having the Order of January 15, 1970, vacated as to the intervening defendants is slight as compared to the hardship to and affect upon the intervening defendants in having the Order continue in force as to them.